## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

AMBER MOSS,                                )
                                           )
      PLAINTIFF,                           )
                                           )
vs.                                        )      CASE NO. 15-CV-3-FHM
                                           )
CAROLYN W. COLVIN, Acting                  )
Commissioner of the Social Security        )
Administration,                            )
                                           )
      DEFENDANT.                           )

## OPINION AND ORDER

Plaintiff, Amber Moss, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards.  *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff, Amber Moss's application for Disability Insurance benefits was denied initially and upon reconsideration.  A hearing before an Administrative Law Judge (ALJ) Luke Liter was held June 26, 2013.  By decision dated August 13, 2013, the ALJ entered the findings which are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on October 29, 2014.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 32 years old on the alleged date of onset of disability and 35 years old on the date of the denial decision. She graduated from high school and formerly worked as a receptionist, accounts receivable clerk, habilitation aide, and substitute teacher. [R. 17]. Plaintiff claims to have been unable to work since June 4, 2009[2] due to unspecified connective tissue disease, cognitive dysfunction, extreme fatigue, chronic pain, Raynaud's disease[3], chronic headaches, and migraines. [R. 192].

## The ALJ's Decision

[2] The date Plaintiff was last insured for disability benefits was December 31, 2011.

[3] Raynaud's disease causes some areas of the body such as fingers and toes to feel numb and cold in response to cold temperatures or stress. In Raynaud's disease, smaller arteries that supply blood to your skin narrow, limiting blood circulation to affected area. See www.mayoclinic.com.

The ALJ determined that Plaintiff's severe impairments include connective tissue disorder, Raynaud's syndrome, Sjögren's syndrome[4], myalgias, inflammatory polyarthritis, and migraines. The ALJ also found that Plaintiff's impairment of hypertonicity of the bladder is nonsevere. [R. 11-12]. The ALJ further determined that Plaintiff has the residual functional capacity (RFC) to occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; and sit for about 6 hours in an 8-hour workday.  Plaintiff cannot climb ladders, ropes, and scaffolds; or work around hazards such as unprotected heights and dangerous machinery.  Plaintiff is limited to simple and some complex tasks, and should have no public contact and only superficial contact with coworkers and supervisors defined by the ALJ as contact that is brief, cursory, and related to the job function being performed. [R. 13].

Although Plaintiff was unable to perform her past relevant work and her ability to perform work at all exertional levels is limited, based on the testimony of the vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 23-24]. Therefore, the ALJ found that Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

---

[4]  Sjögren's syndrome is a disorder of the immune system identified by its two most common symptoms – dry eyes and a dry mouth.  See www.mayoclinic.org.

Plaintiff asserts that: 1) the RFC failed to include all of her limitations; 2) the credibility assessment was improper; 3) the improper credibility assessment led to an unsupported RFC determination; and 4) the RFC requires clarification due to conflicts.

## Analysis

### Residual Functional Capacity Determination

Plaintiff argues that the ALJ's decision should be reversed because the RFC does not contain any restriction in Plaintiff's use of her hands.  Plaintiff also argues that "[t]he ALJ failed to provide a reviewable analysis of claimant's treatment records and the weight afforded treating and examining physician reports as is required by the regulations and current case law." [Dkt. 13, p. 3].

The ALJ is not required to discuss every piece of evidence in the record.  Rather the ALJ is required to "discuss the uncontroverted evidence he chooses to rely upon, as well as significantly probative evidence he rejects."  *Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996).  Plaintiff has not pointed to any significantly probative evidence that was not addressed by the ALJ.

Plaintiff's assertion that the ALJ did not accurately state the findings of the physicians is not borne out by the record.  Plaintiff takes issue with the ALJ's statement that a May 24, 2011 exam showed that Plaintiff had normal range of motion in all joints and points out that the doctor's record for that day indicates  tenderness was noted in all joints of the hands and wrists. [R. 15, 354].  The court finds that the ALJ accurately recounted the contents of that note.  The doctor did record normal range of motion. [R. 354]. The doctor also recorded wrist and hand tenderness, but that is a different observation than range of motion. The doctor's note for May 24, 2011 also relates: "the patient's functional status is

4

good." [R. 353].   The court finds that the ALJ properly focused on the functional consequences of Plaintiff's condition and his description of the doctor's findings is accurate.[5]   *See e.g. Coleman v. Chater,* 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment), *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue,* 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v. Apfel,* 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250* (disability determinations turn on the functional consequences, not the causes of a claimant's condition).

To the extent Plaintiff has asserted a failure by the ALJ to properly evaluate the weight afforded opinion evidence, that assertion is not supported by any argument or by reference to the record and therefore is waived.   The court declines to address issues raised, but not discussed.   *See generally United States v. Rodriguiez-Aguirre,* 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).   In any event, the only medical opinions concerning Plaintiff's ability to work contained in the record are those of the State Disability Determination Service experts who reviewed Plaintiff's medical record and opined she was capable of medium work.  [R.

---

[5]  Plaintiff also asserts that the ALJ inaccurately recounted the notes of a July 2011 exam because the ALJ noted mild tenderness in the fingers, but did not note wrist tenderness.  The ALJ is not required to mention every finding.

85-87, 102-103]. The ALJ gave those opinions "little weight." [R. 17]. There were no other opinions for the ALJ to weigh, as the ALJ accurately noted Plaintiff's physicians did not place any functional limitations on her activities that would preclude working within the RFC finding. [R. 17]. The court finds that the ALJ's RFC is supported by substantial evidence and the ALJ accurately summarized the record.

Credibility Determination

Plaintiff argues that the ALJ failed to perform a proper credibility determination. In support of this argument, Plaintiff asserts the ALJ misstated the evidence which discredits Plaintiff. [R. 5-6]. Credibility determinations are peculiarly the province of the finder of fact, and the court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995). The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible." *Id.*

In determining that Plaintiff's testimony was not credible, the ALJ articulated his reasons for his credibility finding including: no medical treatment until April 2010, despite an alleged onset date of June 2009; objective medical evidence showed very few abnormalities; most examinations showed normal range of motion; significantly improved pain on medication; denial of arthritis flares to doctors; activities reported to doctors including running a 5K and working with a trainer 3 days a week indicate Plaintiff is more active than alleged, and Plaintiff's work record. [R. 15-16]. The court finds that the ALJ properly linked his credibility finding to the record and that the credibility finding is

supported by substantial evidence. Therefore, the court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

Plaintiff asserts that she engaged in the exercise activities at her doctor's recommendation and argues that these activities should not be considered to discredit her credibility.  Regardless of the reason for engaging in those activities, the ALJ did not err in relying on the activities as evidence of Plaintiff's functional abilities.

<u>Consideration of Unsuccessful Work Attempts</u>

Plaintiff argues that the ALJ failed to consider her ability to work on an extended basis, and that her unsuccessful attempts to return to work demonstrate her inability to work.  The court finds that the ALJ's decision demonstrates he considered the entire record and his findings are supported by substantial evidence.

The statute governing judicial review of Social Security disability rulings specifies that the findings of the Commissioner of Social Security shall be conclusive if supported by substantial evidence 42 U.S.C. § 405(g).  The term "substantial evidence" does not mean undisputed or unequivocal.  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  In the context of Social Security disability decisions, substantial evidence requires more than a scintilla, but less than a preponderance.  *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir 2007). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir. 1994).  Said differently a decision is supported by substantial evidence unless the contrary evidence is so overwhelming that a conclusion different than the one made by the ALJ is compelled by that contrary evidence.  Plaintiff has pointed out the existence of contrary evidence in the record, but not the absence of

7

substantial evidence to support the ALJ's RFC finding.  The court finds no error in the ALJ's treatment of Plaintiff's work history and attempts.

Alleged Conflicts in the ALJ's Decision

Plaintiff argues that the ALJ's decision contains an inconsistency that requires remand for clarification. Plaintiff also asserts that the hypothetical question to the vocational expert was inconsistent with the RFC.  There is no merit to these contentions.

The RFC includes the lifting and carrying weight requirements for light work (20 pounds occasionally/10 pounds frequently) but limits Plaintiff to the standing/walking requirements for sedentary work (sit 6 hours, stand/walk 2 hours). [R. 13].  These are the same functions contained in the hypothetical question presented to the vocational expert.

> Okay.  Let me give you a hypothetical question. For this, assume a hypothetical person.  It's the same age as the claimant with the same educational level and the same past work that you've just described.  Further assume that this hypothetical individual could lift, carry, push, pull, up to 20 pounds occasionally, 10 pounds frequently, and sit for six hours out of an eight hour day, stand and walk for a combined total out of six hours out of an eight hour day[.]
>
> *     *     *
>
> Let me give you a second hypothetical.  For this one assume the same limits I gave you in the first one, but further assume that this hypothetical person could only stand or walk a combined total of two hours out of an eight hour day[.]

[R. 69, 71].  In response to this hypothetical question, the vocational expert identified the jobs that are contained in the ALJ's decision.  [R. 18, 71].

8

At several points in the body of the ALJ's decision, the ALJ makes reference to the fact that Plaintiff was limited to sedentary work activity:

> "Due to occasional flares of the claimant's inflammatory arthropathy and connective tissue disease, it is reasonable that she would not be able to perform the prolonged walking and standing required of light and greater work activity and was limited to sedentary work activity on and prior to December 11, 2011."

[R. 15].  Elsewhere the ALJ noted Plaintiff's range of activities show "claimant was capable of sedentary work." [R. 16].  In weighing the state agency medical opinions and finding the opinion that Plaintiff could perform medium work was not supported by the record, the ALJ stated that the "evidence is persuasive that the claimant would be more reasonably limited to sedentary work activity." [R. 17].  In addressing the absence of treating physician restrictions, the ALJ noted: "the claimant's treating physicians did not place any functional restrictions on her activities that would preclude sedentary work activities <u>with the previously mentioned restrictions.</u>  The claimant's daily activities were consistent with the performance of greater than sedentary work." [R. 17](emphasis supplied).  The foregoing demonstrates that the ALJ's reference to sedentary work is not an inconsistency that needs explaining.  It is apparent that the ALJ is referring to the standing and walking requirements of sedentary work together with the other limitations contained in the RFC.

### Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 26th day of February, 2016.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE